UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 03 2012

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

DONALD FOXWORTH )
*Plaintiff*, )
)
) Case No 1:11-CV-4299
vs )
) Judge: CLARENCE COOPER
GREYSTONE ALLIANCE, LLC )
*Defendant.* )
)
)

## AMENDED COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) AND THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Donald Foxworth, a natural person, who lives in Dekalb County, Georgia.

4. The Defendant in this lawsuit is GREYSTONE ALLIANCE, LLC, an unknown entity, with offices at 33 Dodge Road, Getzville, New York 14068, whose primary business is debt collection.

## VENUE

5. The occurrences which give rise to this action occurred in Dekalb County, Georgia and Plaintiff lives in Dekalb County, Georgia.

6. Venue is proper in the Northern District of Georgia, Atlanta Division.

## GENERAL ALLEGATIONS

7. The Plaintiff began receiving phone calls on his home phone from 716-218-4872, which is known to be a number used by the Defendant in debt collection actions. The calls started on or about August 24, 2011 and continued until November 9, 2011 utilizing a pre-recorded female voice message on each call and the calls were originated using an automatic telephone dialing system.

8. None of the calls made to the Plaintiff disclosed the name of the caller, the name of the collection company they were calling for, or the nature of the business they were calling about.

9. The calls initiated with an automatic telephone dialing system were NOT for emergency purposes but were instead calls for an unknown party named Joan (last name unintelligible) wanting her to call a phone number in regard to an account number given on the recording.

10. The message was <u>exactly the same</u> on each call with a pre-recorded female voice with a distinct accent stating that the individual named Joan ******* should call 716-218-4872 and for her to reference account number 3294456.

11. Plaintiff has recordings of the messages that were played when the calls were placed to his home phone.

12. Plaintiff has never given his prior express consent to the Defendant to call his phone or to call him utilizing an automatic telephone dialing system and has no business relationship with the Defendant where they could call the Plaintiff on any legitimate business or personal matter.

13. Plaintiff has documented, on a spreadsheet, details of all twenty six (26) of the calls to his home phone without his consent where a pre-recorded female voice message was used.  See "Exhibit A" spreadsheet.

14. Plaintiff determined that the Defendant had called twenty six (26) times using a pre-recorded female voice message from August 24, 2011 until November 09, 2011 in violation of the TCPA, 47 U.S.C. § 227 (b)(1)(B).  All calls received from the Defendant were for another unknown party named Joan ******* (last name unintelligible).

15. Discovery of violations brought forth herein are within the statute of limitations as defined in TCPA, 47 U.S.C. § 227.

**Count I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 WILLFUL NON-COMPLIANCE BY DEFENDANT**

16. Paragraphs 1 through 15 are re-alleged as though fully set forth herein.

17. Plaintiff has never had any type of established business relationship or any accounts of any type with, the Defendant.

18. By calling the Plaintiff's home phone and using a pre-recorded message on each call the Defendant was in violation of 47 U.S.C. §227(b)(1)(B) twenty six (26) different times.  See "Exhibit A" spreadsheet.

19. Defendant made all calls using a prerecorded female voice message with the last twenty five (25) calls being willful violations of 47 U.S.C. §227(b)(1)(B) where penalties may be trebled to $1500.00 per call for said willful and continuing violations pursuant to 47 U.S.C. §227(b)(1)(C).

WHEREFORE, Plaintiff demands judgment for damages against the Defendant in the amount of $500 for the first call to the Plaintiff where a prerecorded voice message was used pursuant to 47 U.S.C. § 227 (b)(3)(B) and $1500 per call thereafter for the other twenty five (25) subsequent calls where a prerecorded voice message was willfully used over and over pursuant to 47 U.S.C. § 227 (b)(3)(C) plus all costs, fees and any attorney's fees.

## Count II
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 BY DEFENDANT GREYSTONE ALLIANCE, LLC**

20. Paragraphs 1 through 19 are re-alleged as though fully set forth herein.

21. The Defendant was in violation of FDCPA, 15 U.S.C. § 1692b(1), <u>on each and every call</u> (see Exhibit A) when the person calling failed to identify themselves, failed to identify the name of the debt collector, and failed to state that they were confirming or correcting location information concerning the Plaintiff.

22. Every call was the same pre-recorded female voice message which never identified the caller, her employer, or the nature of the business they were calling about and all calls were made without prior express consent from the Plaintiff. Plaintiff did save all the recorded messages as well as photos of his caller ID of most of the calls.

23. Defendant was in violation of FDCPA, 15 U.S.C. § 1692d(6), when it placed twenty six (26) telephone calls to the Plaintiff's home phone without disclosing the identity of the caller, the name of the debt collection company or the nature of their business on ANY of the calls placed.

24. The Plaintiff never had a conversation with a live person on any of the twenty six (26) calls from the Defendant but took the calls several times to listen and did record them to document that no disclosure of the individual's name, the name of the debt collector, or the nature of the debt collector's business was provided on ANY of the calls placed.

25. In the initial communication on August 24, 2011 at 12:40:28 PM the Defendant failed to provide the required disclosure that they were attempting to collect a debt and any information obtained would be used for that purpose which was a violation of 15 U.S.C. § 1692e(11). In all twenty five (25) subsequent calls the Defendant also failed to disclose that the calls were from a debt collector in violation of 15 U.S.C. § 1692e(11).

WHEREFORE, Plaintiff demands judgment for damages against the Defendant for statutory damages of $1000.00, any attorney's fees, and costs pursuant to FDCPA, 15 U.S.C. § 1692k.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: January 3, 2012

Respectfully Submitted,

*Donald Foxworth*

3841 Kensington Road
Decatur, Georgia 30032
404-984-4030

Service to:

Greystone Alliance LLC
33 Dodge Road, Suite 106
Getzville, NY 14068