IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONALD FOXWORTH,** : | |
| : | |
| Plaintiff, : | **CIVIL ACTION FILE NO.** |
| : | **1:11-CV-4299-CC-AJB** |
| v. : | |
| : | |
| **GREYSTONE ALLIANCE, LLC,** : | |
| : | |
| Defendant. : | |

## **O R D E R**

Before the Court is Plaintiff's amended complaint, [Doc. 4], submitted in response to the undersigned's December 20, 2011, Order, [Doc. 2]. For the reasons below, the undersigned concludes that Plaintiff's action should be **ALLOWED TO PROCEED** as any other action.

### **I.   Introduction**

On December 12, 2011, Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis* ("IFP"), seeking to bring a civil action against Defendant for willful non-compliance with the Telephone Consumer Practice Act, 47 U.S.C. § 227 ("TCPA") and for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). [Doc. 1]. On December 20, 2011, the undersigned granted Plaintiff's IFP application but directed Plaintiff to replead his complaint to correct

AO 72A
(Rev.8/8
2)

various deficiencies. [Doc. 2]. On January 3, 2012, Plaintiff submitted his amended complaint. [Doc. 3].

In his amended complaint, Plaintiff alleges the following: (1) Plaintiff received twenty-six phone calls to his home phone from the number 716-218-4872, a number Plaintiff contends is known to be a number Defendant uses in debt-collection actions; (2) the calls started on or about August 24, 2011, and continued through November 9, 2011;[1] (3) each call used a pre-recorded female voice message originating from an automatic telephone dialing system; (4) the calls were not for emergency purposes; (5) each message was exactly the same, with the female voice "with a distinct accent" stating that an individual named Joan (last name unintelligible) should call 716-218-4872 with reference to account number 3294456; (6) none of the calls disclosed the name of the caller, the name of the collection company, or the nature of the business they were calling about; and (7) Plaintiff has never given his prior express consent to Defendant to call his phone and has no business relationship with Defendant. [Doc. 4 at 2-3].

---

[1] Plaintiff attached a spreadsheet of these calls to his original complaint. [*See* Doc. 1-1 at 6].

2

## II. Frivolity Review

### A. Standard

Under 28 U.S.C. § 1915(e), a court must "*sua sponte* dismiss [an indigent non-prisoner's] complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune." *Robert v. Garrett*, No. 3:07-cv-625, 2007 WL 2320064, at *1 (M.D. Ala. Aug. 10, 2007); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). A plaintiff does not state a claim under § 1915(e)(2)(B)(ii) "when the facts as pleaded do not state a claim for relief that is 'plausible on its face.'" *Thompson v. Fernandez Rundle*, 393 Fed. Appx. 675, 677 (11th Cir. Aug. 20, 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009)). A *pro se* complaint is liberally construed. *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).

**B.     Analysis**

    **1.     TCPA**

The Telephone Consumer Protection Act was "[e]nacted in an effort to address telephone marketing calls and practices." *Meadows v. Franklin Collection Serv., Inc.*, No. 7:09-cv-605, 2010 WL 2605048, at *6 (N.D. Ala. June 25, 2010). As the Eleventh Circuit has observed:

> The [Telephone Consumer Protection Act] creates a private right of action to obtain injunctive relief as well as to recover actual damages or $500.00, whichever is greater, for each violation. 47 U.S.C. § 227(b)(3).

*Nicholson v. Hooters of Augusta, Inc.*, 136 F.3d 1287, 1288 (11th Cir. 1998), *modified on reh'g*, 140 F.3d 898 (11th Cir. 1998).

Here, Plaintiff alleges twenty-six violations of 47 U.S.C. § 227b(1)(B), which states:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–
>
> . . .
>
> (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B);

47 U.S.C. § 227(b)(1)(B).  Given that Plaintiff's amended complaint alleges that the twenty-six calls were made with a pre-recorded voice and without Plaintiff's prior consent, the Court cannot conclude that Plaintiff's TCPA claim is frivolous.  As a result, Plaintiff's TCPA claim is **ALLOWED TO PROCEED**.

### 2. FDCPA

In his amended complaint, Plaintiff alleges violations of 15 U.S.C. §§ 1692b(1), 1692d(6), and 1692e(11).  [Doc. 4 at 4-5].

#### a. § 1692b(1)

Section 1692b states, in relevant part:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall–
>
> (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;
>
> . . .

15 U.S.C.§ 1692b.

Here, Plaintiff alleges that Defendant violated § 1692b(1) because in every call it "failed to identify themselves, failed to identify the name of the debt collector, and failed to state that they were confirming or correcting location information concerning

5

the Plaintiff." [Doc. 4 ¶ 21]. Taking this statement as true, Plaintiff has shown that his claim under § 1692b(1) is not frivolous. For this reason, the undersigned concludes that Plaintiff's claim under § 1692b(1) should be **ALLOWED TO PROCEED**.

### b. § 1692d(6)

Section 1692d states, in relevant part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d.

"Except as provided in section 1692b,"[2] § 1692(d)(6) prohibits a debt collector's "placement of telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692(d)(6). Plaintiff alleges that none of the twenty-six calls disclosed the identity of the caller, the name of the debt-collection company, or the nature of their

---

[2] Section 1692b does not apply to this case because the calls do not appear to have concerned the acquisition of location information.

6

business, and Plaintiff never had a conversation "with a live person." [Doc. 4 ¶¶ 23-24].

Courts construing this section have " 'uniformly held that it requires a debt collector to disclose the caller's name, the debt collection company's name, and the nature of the debt collector's business.' " *Gilmore v. Account Mgmt, Inc.*, No. 1:08-cv-1388-JOF-LTW, 2009 WL 2848278, at *5 (N.D. Ga. Apr. 7, 2009) (Walker, M.J.) (citing cases) (quoting *Valencia v. Affiliated Grp., Inc.*, No. Civ. A. 07-61381-CIV, 2008 WL 4372895, *3 (S.D. Fla. Sept. 24, 2008) (citing cases)). Because Plaintiff has plausibly alleged that this was not done, his claim is not frivolous. Accordingly, Plaintiff's claim under § 1692d(6) is **ALLOWED TO PROCEED**.

### c.   § 1692e(11)

Section 1692e states, in relevant part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . .

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be

7

used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e.

Here, Plaintiff alleges that "[i]n the initial communication on August 24, 2011 at 12:40:28 PM the Defendant failed to provide the required disclosure that they were attempting to collect a debt and any information obtained would be used for that purpose," and that Defendant failed in all twenty-five subsequent calls to disclose that the calls were from a debt collector. [Doc. 4 ¶ 25]. Because this allegation describes conduct prohibited by § 1692e(11) and is plausibly alleged, Plaintiff's claim is not frivolous. As a result, Plaintiff's claim under § 1692e(11) is **ALLOWED TO PROCEED**.[3]

---

[3] The undersigned notes that Plaintiff's amended complaint does not mention several claims from his original complaint, meaning those claims have been abandoned. *See Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.") (internal quotation omitted); *see also Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

AO 72A
(Rev.8/82)

### III. Conclusion

For the reasons above, Plaintiff's amended complaint is **ALLOWED TO PROCEED** as any other civil action. Before this case may proceed any further, Plaintiff shall comply with the instructions outlined below.

### INITIAL DISCLOSURES

The Court has prepared a form, Initial Disclosures, which the parties are required to use. N.D. Ga. R. 26.1B. A plaintiff is required to complete the initial disclosures form in its entirety without any modifications or deletions. Although proceeding *pro se*, Plaintiff is required to provide this information. The Clerk of the Court, therefore, **IS DIRECTED TO FORWARD** to Plaintiff a copy of the form Plaintiff's Initial Disclosures found in Appendix B of the Local Rules of this Court.

Plaintiff **IS HEREBY ORDERED** to complete the disclosures pursuant to the instructions in the form and return them to the Clerk of Court within **twenty (20)** days from the date of this Order to allow service of a complete copy of Plaintiff's disclosures along with the summons and complaint upon Defendant. This action shall proceed no further until Plaintiff's initial disclosures are completed and returned.

9

AO 72A
(Rev.8/82)

## SERVICE FORMS

Since the Court has granted Plaintiff leave to proceed *in forma pauperis*, officers of the Court are charged with issuing and effecting service of process. Therefore, the Clerk of the Court **IS DIRECTED TO FORWARD** (along with the initial disclosures form) sufficient USM 285 Forms and Summons Forms to Plaintiff. Upon receipt, Plaintiff **IS ORDERED** to complete the forms and return them to the Clerk within **twenty (20)** days from the date of this Order, along with copies of Plaintiff's amended complaint and completed initial disclosures, so that process may be served upon Defendant. Plaintiff is admonished that this action shall proceed no further until these forms are returned, and that failure to comply with this Order in a timely fashion may result in dismissal of this action. N.D. Ga. R. 41.3. If Plaintiff fails to comply, the Clerk is **DIRECTED** to resubmit this action to the undersigned.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for any Defendant properly named as a Defendant. The service waiver package must include for each such Defendant the following: (1) two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk); (2) two (2) Waiver of Summons form (prepared by the Clerk); (3) an envelope addressed to the Clerk of Court with adequate first class postage for use

by each Defendant to return the waiver form; (4) one (1) copy of the initial disclosures form; (5) one (1) copy of this Order; and (6) one (1) copy of the amended complaint. The Clerk shall retain the USM 285 forms and the summonses.

Upon completion of the service waiver packages, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail the service waiver packages to Defendant. Defendant has a duty to avoid unnecessary costs of serving the summons. If Defendant fails to comply with the request for waiver of service, Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event Defendant does not return the Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for Defendant who failed to return the waiver form. The service package must include the USM 285 form, the summons, and one (1) copy of the amended complaint. Upon receipt of the service package(s), the U.S. Marshal **SHALL** personally serve Defendant who failed to waive service. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

11

Following service of the complaint upon Defendant, Plaintiff **SHALL BE REQUIRED TO SERVE** upon Defendant or counsel for Defendant a copy of every additional pleading or other document which Plaintiff submits to the Clerk of the Court. Plaintiff shall include with each paper so filed a certificate stating the date on which an accurate copy of that paper was mailed to Defendant or counsel for Defendant. This Court will disregard any papers submitted which have not been properly filed with the Clerk or which do not include a certificate of service. Plaintiff **IS ALSO REQUIRED** to keep the Court and Defendant advised of Plaintiff's current address and telephone number at all times during the pendency of this action. Failure to do so may result in dismissal of Plaintiff's complaint. N.D. Ga. R. 83.1D(3), 41.2C.

**IT IS SO ORDERED AND DIRECTED**, this 6th day of February, 2012.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)