IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD FOXWORTH<br><br>    Plaintiff,<br><br>v.<br><br>GREYSTONE ALLIANCE, LLC,<br><br>    Defendant. | CIVIL ACTION<br>FILE NO. 1:11-cv-4299-CC-AJB |

### BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF'S CLAIMS ASSERTED PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT

COMES NOW, Greystone Alliance, LLC (hereinafter "Greystone" and/or "Defendant"), Defendant in the above-captioned matter and submits this Brief in support of its Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure as to Plaintiff's claims asserted under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and shows this Court as follows:

### PLAINTIFF'S ALLEGATIONS AND PROCEDURAL HISTORY[1]

Plaintiff alleges that Defendant violated both the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 with regard to certain voice messages

---

[1] Defendant treats the allegations in the Complaint as true for the purposes of this motion only.

1

received by Plaintiff related to the collection of an unpaid account by Defendant. This motion is concerned only with Plaintiff's claims asserted under the TCPA. Plaintiff, who at all times is proceeding *in forma pauperis* and in a *pro se* capacity, filed his original Complaint and application to proceed *in forma pauperis* in December of 2011.  On December 20, 2011, this Court issued an Order granting Plaintiff's application but directed Plaintiff to submit an amended complaint consistent with Court's Order requiring additional factual detail.[2]  On January 3, 2012, Plaintiff filed his Amended Complaint and the Court allowed Plaintiff to proceed pursuant to its Order of February 6, 2012.[3]

## ARGUMENT AND CITATION OF AUTHORITY

### A. Legal Standard.

A Rule 12(c) motion challenges the legal sufficiency of an opposing party's pleadings.[4] The standard for deciding a motion for judgment on the pleadings under Rule 12(c) is the same standard for deciding a 12(b)(6) motion to dismiss.[5] Under Rule 12(c), dismissal of a complaint is appropriate when there are no material facts in dispute and judgment may be rendered by considering the substance of the pleading and any judicially noticed facts.[6] The court must accept

---

[2] Order of 12/20/11 [Doc. No. 2].
[3] Order of 2/6/21 [Doc. No. 5].
[4] *Winter v. I.C. System, Inc., et al.*  543 F. Supp. 2d 1210, 1212 (S.D. Cal. 2008).
[5] *Volk v. Zeanah,* 2010 U.S. Dist. LEXIS 5621, * 3 (S.D. Ga. 2010).
[6] *Horsely v. Rivera,* 292 F. 3d 695, 700 (11th Cir. 2002).

the facts in the complaint as true and view them in the light most favorable to the nonmoving party.[7] However, courts only need to accept well-pleaded facts and inferences; unsupported conclusions of law or of mixed fact will not prevent dismissal.[8] A complaint will be dismissed where the allegations are "vague and conclusory."[9] A complaint must provide more than a formulaic recitation of the elements of a cause of action.[10] A plaintiff must allege more than merely a "conceivable" claim; a plaintiff must plead enough facts to state a claim for relief that is plausible on its face.[11]

### B. Defendant's Calls Are Not Regulated By The TCPA, 47 U.S.C. § 227.

Plaintiff's Amended Complaint, as it relates to his TCPA claims, states the following facts:

- That he received 26 telephone calls from Defendant over a period of 77 days.[12]

- That each of these telephone calls were received on his home telephone.[13]

---

[7] *Hawthorne v. Mac Adjustment,* 140 F. 3d 1367, 1370 (11th Cir. Ala. 1998).
[8] *Commissioned II Love, Savannah State Univ. Chapter v. Yarbrough,* 621 F. Supp. 2d 1312, 1324 (S.D. Ga. 2007).
[9] *Commissioned II Love, Savannah State Univ. Chapter v. Yarbrough,* 621 F. Supp. 2d 1312, 1324 (S.D. Ga. 2007).
[10] *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1964 (2007).
[11] *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1974 (2009).
[12] Amended Complaint [Doc. No. 4], ¶ 7, ¶ 14, ¶ 23, ¶ 24, ¶ 25.
[13] Amended Complaint [Doc. No. 4], ¶ 7, ¶ 13, ¶ 18, ¶ 23.

- That Defendant used an automatic telephone dialing system when it placed its calls.[14]

- That these telephone calls resulted in a message being left by Defendant.[15]

- That each of the messages contained a prerecorded female voice.[16]

- That the calls were placed for the purpose of collecting a debt.[17]

- That the calls were for not intended for Plaintiff but for a person named "Joan."[18]

- That Plaintiff has no business relationship with Defendant.[19]

- That Plaintiff did not give his express consent to Defendant to call his residential telephone.[20]

In *Meadows v. Franklin Collection Service, Inc.*, the 11th Circuit held that prerecorded debt collection calls are exempt from the TCPA's prohibition on such calls to residences.[21] Further, all debt collection circumstances that involve a prior

---

[14] Amended Complaint [Doc. No. 4], ¶ 7, ¶ 9, ¶ 12.
[15] Amended Complaint [Doc. No. 4], ¶ 7, ¶ 22.
[16] Amended Complaint [Doc. No. 4], ¶ 7, ¶ 10, ¶ 13, ¶ 14, ¶ 18, ¶ 22.
[17] Amended Complaint [Doc. No. 4], ¶ 7, ¶ 8, ¶ 21, ¶ 23, ¶ 24, ¶ 25.
[18] Amended Complaint [Doc. No. 4], ¶ 9, ¶ 10, ¶ 14.
[19] Amended Complaint [Doc. No. 4], ¶ 12, ¶ 17.
[20] Amended Complaint [Doc. No. 4], ¶ 13.
[21] *Meadows v. Franklin Collection Service, Inc.,* 414 Fed. Appx. 230, * 235; 2011 U.S. App. LEXIS 2779 , **12 (11th Cir. 2011).

or existing business relationship are also exempted from the TCPA.[22]  Calls to Plaintiff's residential phone number do not violate the TCPA.

In *Meadows*, Plaintiff alleged that the defendant debt collector violated the TCPA because she received prerecorded messages on her home telephone which were originated using an automatic dialing system.  Ms. Meadows was not the actual debtor but the telephone number at which she received the telephone calls previously belonged to the proper debtors.  Plaintiff further contended that she did not give Defendant express consent to leave prerecorded voice messages on her residential telephone number.  In ruling against Plaintiff, the Court reasoned:

> "The FCC has created two regulatory exemptions that are applicable to the debt-collection calls in this case.  First, the FCC exempts from the TCPA's statutory prohibition against prerecorded calls any call 'made to any person with whom the caller has an established business relationship at the time the call was made.'  Second, the FCC exempts any call 'made for a commercial purpose but does not include or introduce an unsolicited advertisement or constitute a telephone solicitation.'"[23]

The 11th Circuit explained that "the FCC has also clarified that all debt circumstances involve a prior or existing business relationship."[24]

---

[22] *Meadows v. Franklin Collection Service, Inc.,* 414 Fed. Appx. 230, * 235; 2011 U.S. App. LEXIS 2779 , **12 (11th Cir. 2011).
[23] *Meadows v. Franklin Collection Service, Inc.,* 414 Fed. Appx. 230, * 235; 2011 U.S. App. LEXIS 2779 , **11 (11th Cir. 2011) (Internal Citations Omitted).
[24] *Meadows v. Franklin Collection Service, Inc.,* 414 Fed. Appx. 230, * 235; 2011 U.S. App. LEXIS 2779 , **12 (11th Cir. 2011) (Internal Citations Omitted).

Plaintiff's allegations are virtually identical to the allegations rejected by the 11th Circuit in *Meadows*. The alleged prerecorded messages received by Plaintiff at his residential telephone number were made within the context of the collection of a debt; the calls were intended for a debtor other than Plaintiff; and Defendant had an existing business relationship with the proper debtor.[25] Furthermore, Plaintiff has not alleged that any of the messages he received included or otherwise introduced an unsolicited advertisement or constituted a telephone solicitation. *Meadows* dictates that Plaintiff's TCPA claims be dismissed.

## CONCLUSION

In light of the foregoing, Plaintiff respectfully requests this Court to grant this Motion dismissing Plaintiff's claims asserted under the TCPA with prejudice.

This 20th day of June, 2012.  Respectfully submitted,

BEDARD LAW GROUP, P.C.

/s/ John H. Bedard, Jr.
John H. Bedard, Jr.
Georgia Bar No. 043473
Michael K. Chapman
Georgia Bar No. 322145
Kyle J. Vits
Georgia Bar No. 824781

*Counsel for Defendant,
Greystone Alliance, LLC*

---

[25] Amended Complaint [Doc. No. 4], ¶ 7, ¶ 8, ¶ 21, ¶ 23, ¶ 24, ¶ 25; ¶ 9, ¶ 10, ¶ 14.

Bedard Law Group, P.C.
2810 Peachtree Industrial Blvd.,
Suite D
Duluth, Georgia 30097
Telephone: (678) 253.1873
Facsimile: (678) 253.1871
jbedard@bedardlawgroup.com
mchapman@bedardlawgroup.com
kvits@bedardlawgroup.com

FONT CERTIFIACTION

      Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this brief has been prepared using Times New Roman 14 point font.

                                       Respectfully submitted,

                                       /s/ Michael K. Chapman
                                       Michael K. Chapman
                                       Georgia Bar No. 322145