IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONALD FOXWORTH,** : | |
| : | |
| Plaintiff, : | **CIVIL ACTION FILE NO.** |
| : | **1:11-CV-4299-CC-AJB** |
| v. : | |
| : | |
| **GREYSTONE ALLIANCE, LLC,** : | |
| : | |
| Defendant. : | |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Before the Court are Defendant's Motion for Judgment on the Pleadings as to Plaintiff's Claims Asserted Pursuant to the Telephone Consumer Protection Act, [Doc. 19], and Defendant's motion for summary judgment, [Doc. 26]. For the reasons below, the undersigned **RECOMMENDS** that Defendant's motion for summary judgment, [Doc. 26], be **GRANTED** and Defendant's motion for judgment on the pleadings, [Doc. 19], be **DENIED AS MOOT.**

**I.     Introduction**

On December 12, 2011, Plaintiff, a *pro se* litigant, applied for leave to proceed *in forma pauperis.* [Doc. 1.] On December 20, 2011, this Court granted the application for leave to proceed *in forma pauperis*, but ordered Plaintiff to file an amended

AO 72A
(Rev.8/8
2)

complaint within fourteen days in accordance with the Court's instructions. [Doc. 2.] Plaintiff filed an amended complaint on January 3, 2012, [Doc. 4], and Defendant answered on April 27, 2012, [Doc. 11]. The amended complaint asserted claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* [*See* Doc. 4.] On June 20, 2012, Defendant filed a Motion for Judgment on the Pleadings as to Plaintiff's Claims Asserted Pursuant to the Telephone Consumer Protection Act, [Doc. 19.] Plaintiff responded on July 2, 2012. [Doc. 20.] On July 17, 2012, Defendant filed a reply. [Doc. 24.] On October 19, 2012, Defendant filed a motion for summary judgment, [Doc. 26], to which Plaintiff did not respond. [*See* Dkt.]. On November 13, 2012, the parties filed a Stipulation of Dismissal with Prejudice as to Plaintiff's FDCPA Claims. [Doc. 28.] Thus, the only remaining claim in this matter is the claim for violations of the TCPA.

## II.     Plaintiff's Failure to Respond to Defendant's Statement of Material Facts

Plaintiff did not respond to Defendant's motion for summary judgment. [*See* Dkt.] Local Rule 56.1.B(2)(a)(2)[1] provides that the facts in a movant's statement

---

[1]     Rule 56.1B(2)(a)(2) provides as follows:

This Court will deem each of the movant's facts [in the statement of

2

of undisputed material facts are deemed admitted where the non-movant fails to directly refute the statement of fact. *Reese v. Herbert*, 527 F.3d 1253, 1268-70 (11th Cir. 2008) (upholding the "vital function" served by Rule 56.1B(2)(a)(2) and allowing "a district court to disregard or ignore evidence relied on by the respondent–but not cited in its response to the movant's statement of undisputed facts–that yields facts contrary to those listed in the movant's statement"); *Brandon v. Lockheed Martin Aeronautical Sys.*, 393 F. Supp. 2d 1341, 1347-48 (N.D. Ga. 2005) (deeming movant's statement of material facts admitted where *pro se* plaintiff failed to provide relevant citations to record to support factual statements in response). Although the Court liberally construes a *pro se* party's pleadings, *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that a "document filed *pro se* is 'to be liberally construed,' . . . , and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106

---

> undisputed facts] as admitted unless the respondent: (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1 B.(1).

N.D. Ga. R. 56.1B(2)(a)(2).

3

(1976)), the Court does not have an obligation to parse a summary judgment record to search out facts or evidence not brought to its attention. *Atlanta Gas Light Co. v. UGI Utilities, Inc.*, 463 F.3d 1201, 1209 n.11 (11th Cir. 2006); *see also Lawrence v. Wal-Mart Stores, Inc.*, 236 F. Supp. 2d 1314, 1322 (M.D. Fla. 2002) ("It is the obligation of the non-moving party, however, not the Court, to scour the record in search of the evidence that would defeat a motion for summary judgment: Rule 56 'requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue for trial.'") (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

Even so, where the non-movant makes no response to the movant's material fact statement, "after deeming the movant's statement of undisputed facts to be admitted pursuant to Local Rule 56.1, the district court must then review the movant's citations to the record to 'determine if there is, indeed, no genuine issue of material fact.'" *Reese*, 527 F.3d at 1269 (internal citations omitted). Therefore, if evidentiary materials submitted with Defendant's motion for summary judgment conflict with factual allegations in its statement of undisputed material fact, or are not supported by the record, even if the non-movant has not responded, the Court is under no obligation to

accept such allegations as true. FED. R. CIV. P. 56(e) ("If the adverse party does not respond, summary judgment, *if appropriate*, shall be entered against the adverse party.") (emphasis supplied); *see also United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1102 (11th Cir. 2004) (requiring the district court to review evidentiary materials in support of summary judgment motion where nonmovant fails to respond to the motion).

In this case, Plaintiff has not submitted a separate response, or any response, to Defendant's statement of facts in support of the summary judgment motion. As a result, the facts in Defendant's statement of undisputed material facts are deemed admitted to the extent that these facts are supported by the evidentiary materials submitted with Defendant's summary judgment motion. At the same time, the Court will not blindly accept these facts as true because it is under an obligation to determine whether the evidentiary materials submitted by Defendant create any issues of material fact.

### III. Defendant's Motion for Summary Judgment

#### A. *Statement of Facts*

The pertinent facts of this case at the summary judgment stage, construed in the

5

light most favorable to the Plaintiff as the non-moving party,[2] are as follows.

Plaintiff alleges that he received telephone calls on his home telephone directed to an "unknown party" named Joan regarding the collection of an unpaid account. [Doc. 26 at 3.] The content of each of these calls was the same, and each of the calls was received on the same telephone number. [*Id.*] The telephone number at which these calls were received was a landline and not a cellular or mobile telephone account. [*Id.*] All of the telephone calls were directed to a person named Joan, who is Plaintiff's ex-wife. [*Id.*][3] The telephone calls placed to Joan resulted in voice messages being left at (404) 292-7284. [*Id.*] Plaintiff has never spoken with any representative of Defendant. [*Id.* at 3-4.] None of the telephone calls received by Plaintiff introduced

---

[2] In deciding a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1085 (11th Cir. 2004) (citing *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999)).

[3] The undersigned notes that although Plaintiff states in response to Interrogatory 25, [Doc. 26-3], that Joan Dias is his ex-wife, Plaintiff was not as straightforward in his deposition, where ultimately he agreed that it is "possible" that Joan Dias is his ex-wife and that his ex-wife "could have" used that name. [Docs. 26-5, 7:23-25; 26-6, 45:1-6]. The undersigned determines that Plaintiff's deposition testimony does not create an issue of material fact. Regardless of whether Joan Dias is Plaintiff's ex-wife, Defendant has stated that it received the number dialed "as being the residential telephone number for Joan Dias" and Joan Dias was the person whom Defendant was attempting to reach for collection of an unpaid account. [Doc. 26-4 ¶¶ 8-9.]

an unsolicited advertisement or constituted a telephone solicitation. [*Id.* at 4.] The purpose of Defendant's telephone calls was to reach and speak with Joan Dias regarding the collection of an unpaid account. [*Id.*] The purpose of Defendant's telephone calls was not to speak with Plaintiff or to obtain location information regarding Joan Dias. [*Id.*] Defendant believed the telephone number (404) 292-7284 to be that of Joan Dias. [*Id.*] The contact information regarding Ms. Dias, including the telephone number (404) 292-7284, was received by Defendant from its client. [*Id.*] Defendant believed the telephone number (404) 292-7284 to be the true and correct telephone number of Joan Dias. [*Id.*]

Additionally, Plaintiff's Amended Complaint states that he received twenty-six telephone calls from Defendant over a period of 77 days, that Defendant used an automated telephone dialing system when it placed its calls, that each of the messages contained a prerecorded female voice, that the calls were placed for the purpose of collecting a debt, that Plaintiff has no business relationship with Defendant, and that Plaintiff did not give his express consent to Defendant to call his residential telephone. [*Id.* at 4-5.]

### B.   *Summary Judgment Standard*

Summary judgment is proper when no genuine issue as to any material fact is

7

present, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  The movant carries the initial burden of "informing the court of the basis for its motion and of identifying those materials that demonstrate the absence of a genuine issue of material fact."  *Rice-Lamar v. City of Fort Lauderdale*, 232 F.3d 836, 840 (11th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment."  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

The nonmovant is then required "to go beyond the pleadings" and present competent evidence in the form of affidavits, depositions, admissions and the like, designating "specific facts showing that there is a genuine issue for trial."  *Celotex*, 477 U.S. at 324.  "The mere existence of a scintilla of evidence" supporting the nonmovant's case is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986).  "[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting Fed. R. Civ. P. 56(c)).  Summary judgment is properly entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that

8

party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005).

### C.   Discussion

The TCPA provides in relevant part that it is unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call . . . is exempted by rule or order by the [Federal Communications] Commission under paragraph (2)(B)." 47 U.S.C. § 227(b)(1)(B). The Eleventh Circuit has held that prerecorded debt-collection calls are exempt from the TCPA's prohibitions on such calls to residences. *Meadows v. Franklin Collection Serv., Inc.*, 414 Fed. Appx. 230, 235 (11th Cir. Feb. 11, 2011) ("[T]he exemptions apply when a debt collector contacts a non-debtor in an effort to collect a debt."); *see also Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1320 ("Essentially, the Eleventh Circuit held that the 'called party' for the purposes of § 227(b)(1)(B)'s residential calls prohibition was the intended recipient rather than the actual recipient."). As explained in *Meadows*:

> First, the FCC exempts from the TCPA's statutory prohibition against prerecorded calls any call "made to any person with whom the caller has an established business relationship at the time the call is made[.]"

9

> Second, the FCC exempts any call "made for a commercial purpose but does not include or introduce an unsolicited advertisement or constitute a telephone solicitation[.]"

*Meadows*, 414 Fed. Appx. at 235 (quoting 47 C.F.R. 64.1200(a)(2)(iii-iv)). Additionally, "all debt collection circumstances involve a prior or existing business relationship." *Id.* Finally, "[t]he FCC has made clear that these two exemptions 'apply where a third party places a debt collection call on behalf of the company holding the debt.' " *Id.*

The undisputed evidence shows that the prerecorded messages received by Plaintiff at his residential telephone number were intended for Joan Dias, with whom Defendant had an established business relationship, and that Defendant was attempting to contact Joan Dias at Plaintiff's number to collect a debt. Plaintiff has not alleged that the calls were made for any purposes of solicitation.

Thus, the Court concludes that Defendant did not violate the TCPA. Defendant therefore is entitled to summary judgment.

## IV. Conclusion

For the reasons above, the undersigned **RECOMMENDS** to the District Court that the motion for summary judgment, [Doc. 26], be **GRANTED** and the motion for judgment on the pleadings, [Doc. 19], be **DENIED AS MOOT**.

AO 72A
(Rev.8/82)

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED**, this 20th day of November, 2012.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

11

AO 72A
(Rev.8/82)